# No. 14-1239

## United States Court Of Appeals

### FOR THE SECOND CIRCUIT

**ZHUOSHI ZHOU, on behalf of himself and others similarly situated,**

*Plaintiff-Appellee,*

**against**

**LAN SHENG RESTAURANT INC. d/b/a**

**LAN SHENG SZECHUAN RESTAURANT,**

**BIN SHENG YAN and LAM YAN,**

*Defendants-Appellants,*

**JOHN DOE and JANE DOE,**

**Defendants.**

Appeal from Order and Judgment of Hon. Jesse M. Furman
US District Court, Southern District of New York Docket No.
13CIV4135

---

### BRIEF OF DEFENDANTS-APPELLANTS

---

**KEVIN KERVENG TUNG, P.C.**
**136-20 38th Avenue, Suite 3D**
**Flushing, New York 11354**
**(718) 939 4633**
**Attorneys for Defendants-Appellants**

Of Counsel: Kevin K. Tung

# Table of Contents

Pages

PRELIMINARY STATEMENT………………………………….…..….1

QUESTIONS PRESENTED…………………………………………….1

STATEMENT OF FACT...……………………………………….……...2

A.    The Nature of the Action and Parties……………………………..2

B.    The Commencement of This Action………………………………6

C.    The Order and Judgment Dated March 21 and 27,

       2014…..………………………………………………………7

ARGUMENT……………………………………………………...…12

POINT I
              **ZHOU SHOULD HAVE BEEN
              PRECLUDED FROM RECOVERY
              WHERE HE WAITED FOR MORE THAN
              THREE YEARS TO ENLARGE
              DAMAGES EVEN THOUGH HE KNEW
              OR SHOULD HAVE KNOWN HIS WAGE
              WAS BELOW MINIMUM WAGE**
              ……………......................................12

POINT II

              **THE COURT BELOW ABUSED ITS
              DISCRETION TO AWARD LIQUIDATED
              DAMAGES TO EMPLOYEE** ……………17

CONCLUSION………………………………………………….……...20

CERTIFICATE OF COMPLIANCE…………………………………...22

# Table of Authorities

**Cases**                                                                **Page**

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)…………………..19

Elwel v. University Hospitals Home Care Services, 276 F.3d 832..18, 19

Herman v. Palo Group Foster Home, 183 F.3d 468 (6th Cir.1999)……20

IFG Leasing Co. v. Schultz, 217 Mont. 434, 437 (1985)…………..12, 15

McClanahan v. Mathews, 440 F.2d 320 (6th Cir.1971)………………..19

Overnight Motor Co. v. Missel, 316 U.S. 572 (1942)…………………..19

Pacific Can Co. v. Hewes, 95 F.2d 42 (9th Cir. 1938)………………13, 15

White v. Atlantic Richfield Co., 945 F.2d 1130 (9th Cir. 1991)...12, 13, 15

## STATUTE

Fair Labor Standard Act (FLSA)………1, 6, 7, 9, 10, 11, 12, 13, 18, 19, 20

Fair Labor Standard Act Section 203………………………………………….7

Fair Labor Standard Act Section 207………………………………………….9

NYCCRR Section 146-1.4………………………………………………………9

NYCCRR Section 146-1.6………………………………………………………9

NYCCRR Title 12, Section 146-2.2 (a)………………………………….....7

New York Labor Law (NYLL)………………...…...1, 6, 8, 9, 10, 11, 18

New York Labor Law Section 195 (1) (a)…………………………………...9

New York Labor Law Section 198 (1-d)………………………………………9

29 U.S.C. §260…………………………...………………………….……18, 20

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------x
ZHUOSHI ZHOU,

                              Plaintiff-Appellee,

           -against-                              NO.: 14-1239

LAN SHENG RESTAURANT INC. d/b/a
LAN SHENG SZECHUAN RESTAURANT,
BIN SHENG YAN and LAM YAN,

                              Defendants-Appellants.
------------------------------------------------------------------x

## PRELIMINARY STATEMENT

The Defendants-Appellants, Lan Sheng Restaurant Inc. d/b/a Lan Sheng Szechuan Restaurant (hereinafter "Lansheng"), Bin Sheng Yan (hereinafter "Son") and Lam Yan (hereinafter "Mother"), respectfully submit this brief in support of the Defendants-Appellants' appeal.

## THE QUESTIONS PRESENTED

I.    Whether a plaintiff employee is permitted under Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) to enlarge his damages after he became aware or should have known that he was paid below the legal minimum wage and overtime compensation for three years, but he waited for three years to commence the action in order to enlarge his damages?

II.    Whether the Court below abused its discretion to award liquidated damages to the prevailing employee after having found that there was no evidence whatsoever in the record that the employer either knew or recklessly disregarded the law with respect to the tip credits.

## STATEMENT OF FACTS

### A.    The Nature of the Action and Parties

This is an action for unpaid minimum wage and overtime compensation commenced by Plaintiff-Appellee Zhuoshi Zhou ("Zhou") against all defendants.

Zhou worked for Lansheng, a Chinese Szechuan restaurant located in Manhattan, New York City, as a busboy from about October 18, 2009, the same day when Lansheng just started its business. Zhou became a waiter from about January 1, 2010 until March 15, 2013 when he quit his job with Lansheng after he received his green card.

While Zhou was working at Lansheng, he was an international student on a F-1 student visa and he was taking English As a Second Language (ESL) classes at Zoni Language Centers located in Flushing, New York City. He was paid with cash at his request because he did not have authority to work when he was an international student on a F-1 student visa.

2

Shortly after he received his green card through his marriage, he resigned from Lansheng and commenced this instant action for being unpaid with minimum wage and overtime compensation by Lansheng while he was working for Lansheng.

Zhou would have received more than the minimum wage and would have been paid overtime, if the tips he received during work were included in his compensation. Zhou never reported his income, either in the form of basic pays or tips, to the Internal Revenue Service and paid no taxes during the time while he was receiving his wages and tips. His unauthorized employment violated his immigration visa.

On the other hand, Lansheng was a start-up Chinese food restaurant. Within a relative short period of time of three years, it received a Michelin star.

During trial, Mother testified that since the opening of the Lansheng restaurant in 2009, a written notice about statutory minimum wage had always been posted inside the restaurant (Appendix 66a-68a).

Mother also testified that the notice was not written in Chinese, but was written in English; however, her employees still understood that the minimum wage was $7.25. They all knew the minimum wage was $7.25 and

their wage should be the combination of their basic pay and the tips they received.

Moreover, Mother also personally told Zhou that his compensation was a combination of basic wage plus tips. Zhou told her that he could read English (Appendix 69a-71a).

An employee of Lansheng, Zhen Hua Tang, also testified that every waiter at Lansheng knew the minimum wage calculation. Furthermore, the minimum wage notice was always posted on the wall inside the restaurant (Appendix 72a-76a).

Another employee of Lansheng, Zi Xiang He, also testified that every waiter knew about minimum wage law because every waiter looked at the minimum wage notice posted on the wall and the notice had always been posted (Appendix 78a-79a).

After the trial the court below awarded Zhou with a judgment in the total amount of $201,280.87 on the ground that the court below found that the plaintiff Zhou was never given notice to use his tips as a credit against employer's minimum wage obligation, the finding was mostly based on plaintiff's self-serving testimony (Appendix 48a-49a).

The court below disregarded the testimony of the co-workers, who all testified that they all understood that their tips formed part of their hourly wage and that understanding was shared by the plaintiff (Appendix 49a).

The court below mechanically applied the law to draw a conclusion that the notice was not explicit enough to give Zhou notice concerning his tip credit.

In addition, the court below found that there was a notice of minimum wage posted at the restaurant (Appendix 50a and 80a-82a). The court below, however, ruled that such a notice was not sufficient as notice to actually invoke the tip credit.

The court below recognized that there was no statute or case law supporting the argument that the minimum wage notice (Appendix 80a-82a) was sufficient as notice to invoke the tip credit (Appendix 50a).

The court below, however, did not find that the plaintiff had sustained the burden to prove willfulness on the part of the employer to violate the minimum wage law (Appendix 50a-51a) because the defendants consulted with an accountant in connection with the plaintiff's hourly wage and that she believed that the restaurant was in compliance with the law.

The court below did find the testimonies of the co-workers of the plaintiff were credible concerning the notice posting. (Appendix 50a-51a

and 80a-82a). The court explicitly stated on the record that "there is any evidence whatsoever in the record that they either knew or recklessly disregarded the law with respect to the tip credit" (Appendix 51a).

The court below refused to apply the doctrine of equitable tolling to enlarge the statute of limitation.

The court below did find that the son was the 100% owner of Lansheng and his mother actually managed the restaurant (Appendix 65a and 77a).

## B.    The Commencement of This Action

On or about June 14, 2013, Zhou commenced the instant action alleging violation of relevant sections of Fair Labor Standard Act (hereinafter "FLSA") as well as New York Labor Law (hereinafter "NYLL") for the defendants-employers' failure to pay the statutory minimum wage and overtime compensation.

Zhou also named Son and Mother as defendants alleging that both Son and Mother were deemed to be employers under relevant sections of FLSA and NYLL; and thus, both of them were jointly liable for unpaid minimum wage and overtime compensation.

C.    The Order and Judgment Dated March 21 and 27, 2014

The non-jury trial was held on March 17 and 18, 2014 before Hon. Jesse M. Furman at the United States District Court, Southern District of New York.

On March 21, 2014, immediately after closing statements by both parties, the court rendered an oral decision in favor of Zhou and against all defendants (Appendix 15a-64a).

The main issue of this lawsuit was whether or not defendants could take tip credit. If yes, then most likely, Zhou should have received more than the minimum wage and also his combined base salary plus tips were enough to satisfy the overtime compensation requirement.

The court below ruled in favor of the plaintiff on the grounds that under FLSA, to be eligible for tip credit, employer must inform the employee of the tip credit provision of FLSA Section 203. The statute does not explicitly require that written notice should be given by the employer.

Under NYCCRR Title 12, Section 146-2.2 (a), employer is required to give each employee written notice of the amount of tip credit to be taken from the basic minimum hourly rate.  The statue is silent for situations where the employee was not authorized to work so that he was paid with cash for his wages without paystub to list basic wage and tips received.

The court below ruled that defendants were not entitled to include tip credit in compensation, despite the fact that the court below found that other employees understood that their tips were part of their hourly wage under the minimum wage law, because the court below ruled that this was insufficient to satisfy notice requirement.

In addition, the court below found that a notice was posted inside Lansheng restaurant for minimum wage, but the court ruled that this notice was not sufficient notice of tip credit, because it did not explain that tips would count toward the minimum wage (Appendix 50a).

However, the court below held that statute of limitations under FLSA in this case was two years, not three years because of Zhou's failure to prove a willful violation of FLSA by defendants. The court stated that at least Mother consulted an accountant regarding Zhou's hourly wage and she believed that Lansheng was in compliance with FLSA and NYLL.

In addition, the court below found that Lansheng also posted notices about minimum wage inside the restaurant. There was no evidence that defendants knew or recklessly disregarded the law (Appendix 51a). Because there was no ground to apply the doctrine of equitable tolling; therefore, defendants are liable for FLSA violations only from June 14, 2011 (Appendix 51a).

However, statute of limitations under NYLL is six years. Therefore, defendants are liable for NYLL violations during the entire period of Zhou's employment from October 18, 2009 until March 15, 2013 (Appendix 51a).

Minimum wage under NYLL was $7.15. It was $7.25 under FLSA during Zhou's employment period. Zhou could recover only under one of the two statutes, the higher one. Therefore, the court held that minimum wage from October 18, 2009 to June 13, 2011 was $7.15 and $7.25 from June 14, 2011 until March 15, 2013 (Appendix 52a).

The court also held that defendants failed to pay overtime compensation, one-half times the ordinary minimum wage rate, for any week in which Zhou worked more than 40 hours under FLSA Section 207 (a) and NYCCRR Section 146-1.4.

The court also held that Zhou was entitled to spread of hours compensation, one additional hour of payment, under NYCCRR Section 146-1.6 where Zhou's length of work at any days from the beginning until the end exceeded 10 hours (Appendix 53a).

The court held that defendants were liable for unpaid minimum wage in the amount of $53,112.24 (Appendix 54a).

The court also held that defendants were liable for violation of New York Wage Theft Prevention Act (NYLL Sections 195 (1) (a) and 198 (1-d))

which became effective on April 9, 2011 for failing to give Zhou a written notice in his primary language containing his rate of pay. Defendants were liable for $100 per week up to maximum amount of $2,500 (Appendix 54a).

The court then held that defendants were not liable for unlawful tip withholding under FLSA. In addition, though under NYLL defendants might be liable for unlawfully withholding credit card tips, the court still held that defendants were not liable since Zhou totally failed to produce evidence regarding unlawful withholding of credit card tip (Appendix 55a).

The court then held that Zhou was entitled to liquidated damages under both FLSA and NYLL. Under FLSA, he was entitled to the amount which was equal to the amount in unpaid wages unless defendants could prove that they acted in good faith for believing that their acts did not violate FLSA.

The court held that defendants' mere consultation with an accountant was insufficient evidence of good faith belief. Therefore, Zhou was entitled to liquidated damages under FLSA from June 14, 2011.

On the other hand, under NYLL, Zhou was entitled to only 25% of unpaid wages as liquidated damages before April 9, 2011. After that, he was entitled to 100% of unpaid wages unless defendants prove good faith

conduct. Before November 23, 2009, Zhou was required to prove that defendants did not act in good faith.

The court held that Zhou was entitled to liquidated damages under NYLL from November 23, 2009 (Appendix 59a).

The court also awarded prejudgment interest to Zhou under NYLL, not under FLSA (Appendix 59a).

The court also held that defendants were not entitled to meal credit because defendants had never provided written statements regarding this to Zhou (Appendix 59a).

Finally, the court held that Son was an employer under both FLSA and NYLL; and thus, he was also liable for Zhou's unpaid wage claims (Appendix 60a-62a).

Therefore, the court below held that all defendants were jointly liable for unpaid wage claims in the amount of $134,704.79 representing unpaid minimum wage, unpaid overtime compensation, liquidated damages, statutory penalties and pre-judgment interest (Appendix 62a).

On March 27, 2014, a judgment was entered in favor of Zhou and against all defendants in the amount of $134,704.79 plus attorneys' fee to be determined later (Appendix 11a-14a).

On April 11, 2014, the defendants filed a notice of appeal from the decision, order and judgment dated March 21 and 27, 2014 (Appendix 10a).

On May 9, 2014, the court below granted Zhou's motion for attorneys' fee in the amount of $66,576.08 (See Docket Sheet No. 40).

## **ARGUMENT**

### I.    ZHOU SHOULD HAVE BEEN PRECLUDED FROM RECOVERY WHERE HE WAITED FOR MORE THAN THREE YEARS TO ENLARGE DAMAGES EVEN THOUGH HE KNEW OR SHOULD HAVE KNOWN HIS WAGE WAS BELOW MINIMUM WAGE.

This appeal presents a first impression question whether an employee is permitted under Fair Labor Standards Act (FLSA) to enlarge his damages after he becomes aware that he is paid below the legal minimum wage. The Court below applied the law mechanically to the facts presented in the instant case, which effectively permits the employee to enlarge his damages.

Under contract law, the duty of an aggrieved party to mitigate its damages upon breach by a counter-party is a well-established principle of contract law. A non-defaulting party must act reasonably under the circumstances so as "not to unnecessarily enlarge damages caused by default." *IFG Leasing Co. v. Schultz*, 217 Mont. 434, 437, 705 P.2d 576, 577 (1985), *White v. Atlantic Richfield Co.*, 945 F.2d 1130 (9th Cir. 1991).

The non-defaulting party does not have to minimize his damages until he becomes aware that he is suffering damages. See, *Pacific Can Co. v. Hewes*, 95 F.2d 42, 46 (9th Cir. 1938), *White v. Atlantic Richfield Co.*, 945 F.2d 1130, 1133-1134 (9th Cir. 1991).

The relationship between the employee and employer is a contractual relationship. The Defendant-Appellant argues that the above contract law mitigation of damages principle shall apply.

Even though the Fair Labor Standards Act (FLSA) sets forth the statute of limitations for the employees to assert their claims for damages when they are under paid with the legal minimum wages, the legislature never had the intention to permit the employees to enlarge their damages. The penalty and liquidated damages provisions contained in the FLSA act, however, inherently provide employees the opportunities to enlarge damages. Therefore, the trial court shall look into the facts in each case to determine if the employee asserting his claims had the motivation to enlarge his damages.

The pivotal fact to look into is whether the employee, after becoming aware of the fact that he was suffering damages caused by underpay made by the employer, still kept silent with the intention to enlarge his damages because the statute had prescribed a double-the-liability-liquidated damages provision.

This appeal prays the Court to make a ruling that requires the underpaid suffering employee to assert his claim for being paid below the legal minimum wage within a relatively short period of time after he became aware that he was underpaid; otherwise, he may risk losing his claims for damages he could have avoided.

In the instant case, sufficient evidence shows that plaintiff Zhou became aware that he was underpaid at the time the restaurant just opened for business.

Zhou still chose to continue to work for Lansheng because he could not find another employer which would hire an illegal immigrant. Therefore, it was wrong for the court to award Zhou damages at the expense of defendants where Zhou unreasonably enlarged damages.

During trial, Mother testified that since the opening of the Lansheng restaurant in 2009, a written notice about statutory minimum wage had always been posted inside the restaurant (Appendix 66a-68a). Mother also testified that the notice was not written in Chinese, but was written in English; however, her employees still understood that the minimum wage was $7.25. They all knew the minimum wage was $7.25 and their wage should be the combination of their basic pay and the tips they received.

Moreover, Mother also personally told Zhou that his compensation was a combination of the basic wage plus tips. Zhou told her that he could read English (Appendix 69a-71a).

An employee of Lansheng, Zhen Hua Tang, also testified that every waiter at Lansheng knew minimum wage. Moreover, minimum wage notice was always posted on the wall inside the restaurant (Appendix 72a-76a).

Another employee of Lansheng, Zi Xiang He, also testified that every waiter knew about minimum wage law because every waiter looked at the minimum wage notice posted on the wall and the notice had always been posted (Appendix 78a-79a).

Applying the principle of contract law to the instant case, a non-defaulting party must act reasonably under the circumstances so as "not to unnecessarily enlarge damages caused by default." *IFG Leasing Co. v. Schultz*, 217 Mont. 434, 437, 705 P.2d 576, 577 (1985), *White v. Atlantic Richfield Co.*, 945 F.2d 1130 (9th Cir. 1991) and his duty to minimize his damages begins when he becomes aware that he is suffering damages. See, *Pacific Can Co. v. Hewes*, 95 F.2d 42, 46 (9th Cir. 1938), *White v. Atlantic Richfield Co.*, 945 F.2d 1130, 1133-1134 (9th Cir. 1991). Zhou's claims for damages should have been precluded after he became aware that his pay was under the legal minimum wage.

The Court below applied the law mechanically in the instant case, which created inequity and it was a miscarriage of justice. The record was clear that both the plaintiff and the defendants had somewhat faults. The plaintiff was a foreign student, who was prohibited from working in the United States while he was on a F-1 student visa. The plaintiff chose to ignore the law by working in the defendants' restaurant. His working at the defendants' restaurant was not by force against his will but voluntarily and intentionally in violation of immigration laws. He could have complained about his compensation or quit, but he knew that it would have been very difficult to find employment without having a work visa. Zhou quit as soon as he obtained his "green card," which allowed him to work in the United States.

However, at the end of the day, the Court below awarded a total of judgment in the amount of more than $200,000, which is almost four times of the damages the plaintiff allegedly suffered. The huge damage awarded is a windfall to the plaintiff, which effectively puts the defendant restaurant out of business. In addition, it clearly sends a wrong message to the illegal workers in and outside of the United States to encourage more of the illegal immigrants to enter into United States job market illegally and to work illegally. There are potential huge awards waiting for them.

On the other hands, the defendant should not have employed the plaintiff to work in its restaurant.   The defendant violated the law by employing illegal immigrant and allegedly paid below the legal minimum wage.   However, the punishment to put the defendant restaurant out of business in comparison to the award to the plaintiff, who was also with unclean hands are not balanced.

To reach an equitable end, the Court below should have applied the doctrine of contract law not to permitting the non-defaulting party to enlarge damages when he becomes aware that he is suffering damages. Therefore, the court's decision should be reversed and the case should be remanded to the District Court to calculate Zhou's damages, if there are any.

## II.    THE COURT BELOW ABUSED ITS DISCRETION TO AWARD LIQUIDATED DAMAGES TO EMPLOYEE.

The Court below abused its discretion to award liquidated damages to the plaintiff Zhou under the circumstances that the Court below had found that the defendants were not willful to violate the minimum wage law. (Appendix 50a-51a)

The court below specifically stated that the plaintiff had not sustained the burden to prove willfulness on the part of the employer to violate the minimum wage law, because the defendants consulted with an accountant in

17

connection with the plaintiff's hourly wage and that she believed that the restaurant was in compliance with the law.

In addition, the court below found the testimonies of the co-workers of the plaintiff were credible concerning the notice posting. (Appendix 50a-51a and 80a-82a). The court explicitly stated on the record that "there is any evidence whatsoever in the record that they either knew or recklessly disregarded the law with respect to the tip credit" (Appendix 51a).

However, the court then held that Zhou was entitled to liquidated damages under both FLSA and NYLL. The court held that defendants' mere consultation with an accountant was insufficient evidence of good faith belief. Therefore, Zhou was entitled to liquidated damages under FLSA from June 14, 2011. Clearly, the Court below abused its discretion to award liquidated damages to the plaintiff.

Under FLSA, the plaintiff employee is entitled to the amount which was equal to the amount in unpaid wages unless defendant employers could prove that they acted in good faith for believing that their acts did not violate FLSA. A district court has the discretion not to award liquidated damages if the employer shows that "the act or good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standard Act." See, 29 U.S.C. §260; *see also Elwel v. University*

*Hospitals Home Care Services*, 276 F.3d 832, 833. Liquidated damages under the FLSA "'are compensation, not a penalty or punishment.' " *McClanahan v. Mathews,* 440 F.2d 320, 322 (6th Cir.1971) (quoting *Overnight Motor Co. v. Missel,* 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) ("It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being." (internal quotations omitted)).

Having found on the record that (1) "there is any evidence whatsoever in the record that they either knew or recklessly disregarded the law with respect to the tip credit," (Appendix 51a) (2) the defendants consulted with an accountant in connection with the plaintiff's hourly wage and that she believed that the restaurant was in compliance with the law, and (3) plaintiff Zhou's compensation would be more than the minimum wage should tip credits be included in calculations of his minimum wage, the Court below cannot award liquidated damages to the plaintiff, because liquidated

19

damages under FLSA are compensation, not a penalty or punishment to employer. See, 29 U.S.C. § 260; *see also Herman v. Palo Group Foster Home,* 183 F.3d 468, 474 (6th Cir.1999). (A district court has the discretion not to award liquidated damages to a prevailing plaintiff if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938.)

Therefore, the court's decision should be reversed and the case should be remanded to the District Court to re-calculate Zhou's damages after removing the liquated damages.

## CONCLUSION

I.    The Court below erred by failing to consider whether or not Zhou unreasonably delayed to commence the instant action in order to enlarge damages after Zhou knew or should have known that his wages were below minimum wage, and he did not receive overtime compensation.

II.    The Court below abused its discretion to award liquidated damages to the prevailing plaintiff, after having found that there was no evidence whatsoever in the record that the employer either knew or recklessly disregarded the law with respect to the tip credits.

Respectfully Submitted,

KEVIN KERVENG TUNG, P.C.
Attorneys For Defendants-Appellants


Kevin K. Tung, Esq. (KT1478)
ktung@kktlawfirm.com
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
TEL: (718) 939-4633
FAX: (718) 939-4688

Dated: Queens, New York
      August 15, 2014

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief was prepared on a computer.

*Type*: A proportionately spaced typeface was used as follows:

Name of typeface: Times New Roman

Point size:          14

Line spacing:       Double

*Word Count*: The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of authorities, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc. is 4,206.

Dated: Queens, New York
          August 15, 2014

_____
Kevin K. Tung, Esq. (KT1478)